# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CHARLEEN GUEDRY**                                    **CIVIL ACTION**

**VERSUS**

                                                                        **NO. 16-348-JJB-RLB**

**LEGACY VULCAN CORPORATION,
ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 4, 2016.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLEEN GUEDRY** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 16-348-JJB-RLB** |
| **LEGACY VULCAN CORPORATION, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion for Leave of Court to File Second Amended and Supplemental Complaint (R. Doc. 9) filed on June 15, 2016.  The motion is opposed. (R. Doc. 10).  Plaintiffs have filed a Reply. (R. Doc. 14).

## I.     Background

Charleen Guedry initiated this asbestos exposure action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana ("state court") on June 29, 2015. (R. Doc. 9-3, "Petition").  In the Petition, Plaintiff named as defendants Legacy Vulcan Corporation ("Legacy Vulcan"); Turner Industries, LLC, as Successor to International Maintenance ("Turner"); Brock Services LCC as successor to Basic Industries, Inc. ("Brock"); Anco Insulations, Inc. ("Anco"); The Continental Insurance Company ("Continental"); and Maryland Casualty & Surety Company ("Maryland Casualty").  Ms. Guedry alleged that she developed "malignant, pleural mesothelioma, a rare terminal cancer whose cause is related solely to asbestos exposure, due to her second-hand 'household' exposure while she was living with her husband, Joseph Guedry, while he was employed with International Maintenance/Turner from 1983 through 2005." (Petition, ¶ 9).

1

Ms. Guedry died on January 3, 2016.  Mr. Guedry and his children (Lance Christopher Guedry, Charles Raleigh Guedry, and Brandon David Guedry) were added as Plaintiffs, individually and on behalf of Ms. Guedry, in a First Amended and Supplemental Petition entered on January 21, 2016. (R. Doc. 9-4).

Between March 10, 2016 and May 4, 2016, the state court dismissed with prejudice the claims brought against Maryland Casualty, Continental Insurance, Turner, and Legacy Vulcan. (R. Doc. 6 at 3).

On May 12, 2016, Plaintiffs motion to dismiss the claims against Anco without prejudice was filed. (R. Doc. 1-15).  Plaintiffs represent that also on May 12, 2016, the state judge held a telephone conference with the parties, "and it was agreed that the May 23 trial should be continued, mainly because two of Brock's witnesses could not be deposed prior to trial due to the schedules of the witnesses and some medical issues of one witness." (R. Doc. 9-1 at 2).

On May 18, 2016, defense counsel (who represents both Brock and Anco) informed Plaintiffs' counsel that Brock intended to remove the action based on diversity jurisdiction in light of the pending dismissal of Anco. (R. Doc. 6 at 4).

On May 19, 2016, Plaintiffs' counsel sent a fax communication to the state court seeking to withdraw the motion to dismiss Anco without prejudice, and to allow for discovery to be conducted in light of the recent discovery of "several invoices indicating that Anco supplied material to the premises at issue." (R. Doc. 1-18).  These invoices (R. Doc. 1-19) were produced as part of a 3,491 page production by Legacy Vulcan on December 9, 2015 (R. Doc. 1-20). Plaintiffs state that "Anco represented in discovery that it had no information or documentation of its involvement with the Vulcan plant."  (R. Doc. 9-1 at 3).

2

That same day, the state court signed an order dismissing Anco without prejudice. (R. Doc. 1-15 at 2). Plaintiffs represent that the order was not docketed with the state court clerk's office, however, until the morning of May 23, 2016. (R. Doc. 14 at 3).

On May 25, 2016, Brock removed the action on the basis that this Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332 (R. Doc. 1), and subsequently filed an Amended Notice of Removal (R. Doc. 6).  There is no dispute between the parties that Anco is a Louisiana corporation, and that in light of its dismissal, there is complete diversity between the remaining parties (Brock and Plaintiffs).  There is also no dispute between the parties that the amount in controversy requirement is satisfied.

On June 15, 2016, Plaintiffs filed the instant motion seeking leave to file a Second Amended and Supplemental Complaint to rename Anco as a defendant. (R. Doc. 9).  The addition of Anco as a defendant would destroy complete diversity and require remand of the action to the state court.

## II.    Law and Analysis

### A.    Legal Standards

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure.  Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)).  Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny

3

a request for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted).  In determining whether to grant leave, a court may consider several factors, including among other things, the movant's "bad faith or dilatory motive" and the "futility" of the amendment. *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

When an amendment seeks to add a nondiverse party that would destroy jurisdiction altogether in a removed action, the Court also must balance the factors as set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).  The courts should "scrutinize that amendment more closely than an ordinary amendment" and should generally consider four factors to determine whether the amendment is appropriate: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." *Id*. at 1182.  If the court permits the addition of a nondiverse defendant, it must remand the action to the state court.  *Id.*

**B.    Analysis**

**1.    Purpose of the Amendment**

The first *Hensgens* factor is resolved in favor of Plaintiffs.  In support of a finding that its primary purpose of amendment is not to defeat diversity jurisdiction, Plaintiffs argue that their "motivation in joining Anco to the suit is because Anco is believed to be a responsible party in causing or contributing to Mrs. Guedry's illness and death." (R. Doc. 9-1 at 4).  Plaintiffs assert that the Anco invoices in the Legacy Vulcan production demonstrate that Anco supplied thousands of products and materials to the Vulcan plant that may have contained asbestos. (R.

Doc. 9-1 at 5).  Plaintiffs further asserts that Anco did not produce these invoices despite being responsive to discovery requests. (R. Doc. 9-1 at 5).

    In response, Brock argues that "Plaintiff's argument that Anco has denied them access to the very documents that were produced in discovery over five (5) months ago and 'sparked Plaintiffs' desire' to rejoin Anco to the case is nothing more than plaintiffs blatantly obvious attempt to get this case remanded back to state court." (R. Doc. 10 at 5).  Brock notes that Plaintiffs did not seek any action in state court to compel responses to their discovery requests from Anco despite having evidence of Anco's involvement at the Vulcan plant. (R. Doc. 1 at 4-5).  Given that Plaintiffs voluntarily dismissed Anco as a defendant just prior to trial, and now assert that they have recently discovered relevant invoices produced well prior to trial, Brock argues that "[i]f there was ever a case showing plaintiffs only intend to bring a non-diverse defendant back into the action solely to defeat federal jurisdiction, this is the case." (R. Doc. 10 at 6).

    In light of the procedural history of this action, there is no doubt that Plaintiffs seek amendment, at least in part, to obtain a remand of this action.  That said, while the record does not indicate that Plaintiffs were diligent in reviewing the discovery produced by Legacy Vulcan or in filing motions to obtain discovery from Anco, the very existence of the Anco invoices indicate that Plaintiffs may have a valid claim against Anco.  While this Court cannot predict whether, upon remand, the state court will be inclined to reopen discovery with regard to Anco, the fact that the Anco invoices were not produced by Anco while this proceeding was before the state court underscores Plaintiffs' desire to reopen discovery and pursue their claims against Anco.

Whether Plaintiffs were prudent in agreeing to dismiss Anco without prejudice in the first place is not determinative.  Indeed, that Plaintiffs had asserted a claim against Anco at the onset of the state court litigation, and have only recently located information supporting that claim, suggests that the primary purpose of the amendment is not to defeat federal jurisdiction. *See Mabile v. Canal Ins. Co.*, No. 09-403, 2009 WL 3444760, at *2 (M.D. La. Oct. 23, 2009) (concluding that where the plaintiffs "evidenced their intent to seek a judgment against the [non-diverse defendant] from the outset of the litigation in state court . . . the balancing of competing interests tilts in favor of granting plaintiffs leave to pursue the party that they initially sought to pursue in this action in state court.").  Given the record, Plaintiffs proposed amendment to add Anco as a defendant is sufficient for a determination that the principal purpose of the amendment "is not to destroy diversity jurisdiction." *Jackson v. Wal-Mart Stores, Inc.*, No. 03-2184, 2003 WL 22533619, at *2 n.7 (E.D. La. Nov. 6, 2003) (citing cases).

### 2.      Diligence in Seeking Amendment

The second *Hensgens* factor also weighs in Plaintiffs' favor.  Plaintiffs' motion was filed less than one month after Anco's dismissal, and Plaintiffs made efforts *prior* to removal to retain their claims against Anco.  While Plaintiffs may have lacked diligence in the discovery phase of the litigation while the action was pending in state court, they were diligent in seeking to amend just three weeks after removal to name Anco as a defendant.  *See Schindler v. Charles Schwab & Co.*, 2005 WL 1155862, at *4 (E.D. La. May 12, 2005) (amendment not dilatory where plaintiff filed the motion to amend a month and a half after she filed her state court petition and less than thirty days after removal to federal court) (citing cases); *see also Mabile*, 2009 WL 3444760, at *1-2 (allowing amendment where motion to amend was filed 26 days from removal); *Gaspard One, L.L.C. v. BP America Production Co.*, No. 07-1551, 2008 WL 4279631, at *6 (W.D. La.

Sept. 17, 2008) (amendment not dilatory where plaintiff filed motion to amend 8 days after dismissal of non-diverse defendants as improperly joined to the action to allege valid claims against those non-diverse defendants).

### 3.    Prejudice to Plaintiffs

The third *Hensgens* factor also weighs in Plaintiffs' favor.  Plaintiffs argue that if amendment is not allowed, they will have to file a new lawsuit against Anco, which will result in increased costs and judicial inefficiencies due to piecemeal litigation. (R. Doc. 9-1 at 6).  In response, Brock argues that the Plaintiffs will not be prejudiced if amendment is not allowed because the record demonstrates that they were only prepared to try their claims against Brock, and that the only additional discovery needed in the action is the deposition of two witnesses for Brock. (R. Doc. 10 at 6).

That Plaintiffs were prepared to go to trial only against Brock does not mean that they will not be prejudiced if amendment is not allowed.  Plaintiffs attempted to withdraw their consent to the dismissal of Anco prior to the issuance of the state court order.  Plaintiffs clearly intended to retain their claims against Anco prior to removal, and to move forward with additional discovery to determine whether and to what extent they can recover against Anco. Denying the instant amendment would prejudice Plaintiffs because they will face the additional costs and inconveniences of filing a new lawsuit against Anco.

### 4.    Additional Equitable Considerations

Plaintiffs additionally argue that Anco should be added as a defendant because Anco did not participate in good faith in the discovery process. (R. Doc. 9-1 at 7).  In response, Brock suggests that Plaintiffs "had ample time during discovery in the state court action to pursue any perceived deficiencies in Anco's responses to Plaintiffs' discovery, [and] they chose not to do

so." (R. Doc. 10 at 5).  Given that Plaintiffs had an opportunity to raise discovery violations in the proceeding while it was before the state court, this additional consideration raised by Plaintiff is neutral.

**III.    Conclusion**

Based on the foregoing, the *Hensgens* factors, when considered in their totality, weigh in favor of allowing the proposed amendment to add Anco as a defendant in this action.

**IT IS RECOMMENDED** that Plaintiffs' Motion for Leave of Court to File Second Amended and Supplemental Complaint (R. Doc. 9) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Court instruct the Clerk's Office to enter Plaintiffs' Second Amended and Supplemental Complaint (R. Doc. 9 at 3-5) into the record.

**IT IS FURTHER RECOMMENDED** that subsequent to the entry of the Second Amended and Supplemental Complaint into the record, which will destroy diversity jurisdiction in this action, the Court **REMAND** this action to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on November 4, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**